# Case No. 6,996.

## The IDAHO.

### [4 Ben. 272.] 1

District Court, E. D. New York. July, 1870.

STAYING PROCEEDINGS — INTERVENTION OF THIRD PARTY—VEXATIOUS PROCEEDINGS—POWER OF THE COURT.

1. A quantity of cotton was shipped on board the steamship Idaho, bound for Liverpool, by M., who received a bill of lading therefor, in the ordinary form, dated May 4th, 1869. On the same day an action of replevin was commenced by P., against the master of the steamship, to recover the cotton as his property. In that action, the cotton was seized by the sheriff, and was by him nominally delivered to P., the plaintiff, but was not taken from the steamship, and, by agreement between P. and the owners of the steamship, it was carried forward to Liverpool, and there delivered to the agent of P., who had agreed to indemnify the steamship against any liability by reason of such carriage and delivery to him. M. having assigned his bill of lading to H. & Co., a libel was filed in this court, on the 9th of June, 1869, by them against the steamship, to recover the value of the cotton not delivered according to the bill of lading. On the 19th of June an action was commenced in the court of exchequer, in Liverpool, by F., the agent of H. & Co., against the owners of the steamship, to recover damages for the non-delivery of the cotton under the bill of lading. After the filing of the libel in this court, H. & Co. were made parties defendants in the replevin suit on their own application. The answer of the claimants, in the suit in this court, set up the title of P. to the cotton as a defense against the claim of H. & Co. In this position of affairs P. applied to this court, on petition, praying to be admitted to defend in this action, and that the libellants be required to litigate with him their title to the cotton, or, if they would not stipulate to do so, that their further proceedings in the suit, in the English exchequer, be enjoined. The owners of the steamship also applied for a stay of proceedings in this cause, unless the libellants should elect to stay proceedings in the two other actions, and to proceed herein. *Held*, that the interest of P. in this suit arose solely from his having agreed to indemnify the claimants against the result of the litigation; and that that circumstance was not sufficient to give him the right to intervene in the action.

2. His application for a stay of proceedings in this action must be rejected for the reason that he was not a party to the suit, and did not pretend that there was any collusive use by the parties of the process of the court to deprive him of any substantial right.

3. It is competent for a court of admiralty to stay proceedings, in any case before it, to prevent injustice: no reason was apparent why the trouble and expense of the three litigations, each involving the title to the same property, should be cast upon the owners of the ship; and, on the application of the claimants, proceedings in this cause should, therefore, be stayed, unless the libellants should elect to stay proceedings in the other cases.

In admiralty.

---

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

BENEDICT, District Judge. This case comes before the court, upon a petition filed by one W. J. Porter, and also upon a motion by the Liverpool and Great Western Steamship Co., who are the claimants in this action. The action is brought by the owners and holders of a bill of lading of certain bales of cotton, to recover of the steamship Idaho the value thereof, by reason of the failure of the steamship to deliver the same according to the terms of the bill of lading.

The averments of the facts attending the shipment and delivery of this merchandise are as follows: The cotton was shipped on the steamship, in New York, by one Thomas W. Mann, to whom a bill of lading, in ordinary form, was issued, providing for a delivery to him or his assigns in Liverpool, and bearing date May 4th, 1869. On the same day an action in the nature of replevin, for this same cotton, was commenced against the master of the steamship by W. J. Porter, who demanded the cotton as his property.

In that action, according to the mode of procedure in such suits, the cotton was seized by the sheriff, and, the plaintiff having given an undertaking to indemnify the sheriff, the cotton was delivered to him. It seems, however, that in point of fact, the cotton was not disturbed in the steamer, but, after it was in form delivered by the sheriff to Porter, the plaintiff in replevin, the owners of the steamship and Porter agreed for its carriage to Liverpool, and delivery there to the order of Porter. The cotton, therefore, went forward in the steamship, and upon her arrival in Liverpool, it was so delivered to Porter or his agent, Porter having agreed to indemnify the steamship against any liability by reason of such carriage and delivery to him. The bill of lading of the cotton, which had been issued to Thomas W. Mann, the original shipper, and assigned to Henry Hentz & Co., being thus unperformed, Hentz & Co., on the 9th of June, 1869, filed their libel in this court against the steamship, to recover the value of the cotton not delivered according to the bill of lading, and on the 19th of June, James Finlay & Co., of Liverpool, also commenced a suit, in the court of exchequer, Liverpool, against the owners of the steamship, claiming to be entitled to the cotton as endorsees of the bill of lading issued to Mann, and that the owners of the steamship were liable to them for its non-delivery.

There are now pending, therefore, three actions for this same cotton—a replevin suit by Porter against the master in the supreme court of New York, a common law suit in the exchequer by Finlay & Co., against the owners, and this action in rem against the vessel by Hentz & Co. In addition to these proceedings it appears that, after the filing of their libel in this court, the libellants, as permitted by the laws of New York, presented a petition in the replevin suit to be allowed to litigate with Porter in that action, the question of ownership of the cotton, and

thereupon they were made parties defendant in that suit, which is now pending.

·Furthermore, the claimants in this action having, in their answer to the libel of Hentz & Co., simply set up in defense the taking of the property by the sheriff in Porter's replevin suit, subsequently applied for leave to amend, by setting up in defense the title of Porter as against the title of Hentz & Co., and of Mann, the shipper of the cotton. This motion was opposed by Hentz & Co., on the ground that the claimants could not set up title in a third party, to defeat an action on their bill of lading; but an order was made, permitting the amendment, without prejudice to the question raised by the libellants, and subject to the final decree of the court upon the validity of such defense. The course of procedure has therefore been such that it may result, in case of a decision in this action that the title of the shippers of the cotton be here litigated by the claimants of the ship, that Porter, by reason of his undertaking of indemnity, will be compelled to pay to the owners of the ship the value of the cotton, notwithstanding he should be adjudged in the replevin suit to be the true owner of it.

In this posture of affairs Porter presents his petition to this court, and prays to be admitted to defend in this action against the vessel, and that the libellants may be required to litigate with him herein their alleged title to this cotton, or if they shall not stipulate to do so, that their further proceedings in the suit in the English exchequer, which it appears is brought by agents of the libellants for their benefit, be also enjoined. The owners of the steamship, who are claimants in this action, also come before the court, and move that proceedings in this cause be stayed, unless the libellant elect to proceed herein, and to suspend the proceedings in the two other actions.

I proceed first to dispose of the application made by Porter, the petitioner. His request to be made a party, cannot be granted. He makes no claim to a lien upon the steamer, nor does he pretend to any right, title, or interest therein, and moreover the steamer has been bonded by her owners, and of course she remains subject to all other liens except that of the libellants. The interest of Porter in this litigation, in this court, therefore, arises solely from the circumstance, that he has seen fit to indemnify the claimants against the result of that litigation, but that circumstance is not sufficient to give him the right to intervene in an action, in rem, like the present.

I am aware that in the English admiralty the old rule, in regard to intervention in suits in rem, has been relaxed (see The Regina Del Mare, Brown. & L. 315; The Innisfallen, 16 Law T. [N. S.] 71; Williams & B. Adm. Jur. 200); but I find no case in the English admiralty which affords authority for an intervention by a party situated like this petitioner. The cases in this country seem to be clearly adverse to such a claim. The Packet [Case No. 10,654]; The Boston [Id. 1,673]; U. S. v. 422 Casks of Wine, 1 Pet. [26 U. S.] 547. My opinion therefore, is, that the application of Porter to be permitted to defend in this action must be denied.

It follows, also, that his motion for a stay of the proceedings in this action must be rejected, for the reason that he is not a party to the suit, nor does he pretend to any collusive use, by the libellants or the claimants, of the process of this court, in order thereby to deprive him of any substantial right.

There remains to consider the application on the part ·of the claimants for a stay of proceedings in this action, unless the libellants shall elect to proceed here, and to stay their proceedings in the two other actions. In regard to such an application, it must be said, that it is unquestionably competent for a court of admiralty to stay the proceedings in any case before it, when the circumstances are such that injustice will result from proceeding, which the stay will prevent—and it will always discountenance vexatious and unnecessary litigation. The facts appearing here seem to me to present a case of unnecessary suits, some of which ought not to proceed.

As to suspending the replevin suit, it is said, that it is brought by Porter, and not by these libellants, and it would not be just to compel parties, holding a bill of lading, to forego their remedy in a maritime court against the vessel, and resort to a court of common law, because a third party has seen fit to sue the master for their goods at common law.

The answer is, that the defendants, by making themselves parties to the replevin suit, have become actors therein, and inasmuch as Porter tenders to the claimants a stay of the replevin suit, on his part, until the determination of this suit, the libellants are, in fact, the parties pressing that suit. They are in substance, then, suing the master for a delivery of this cotton in New York, and are also suing the vessel here for not delivering it in Liverpool, and by their agents in Liverpool, are suing the owners there also for not delivering it there.

I see no reason why the trouble and expense of these three litigations, in these courts, should be cast upon the owners of this ship. In cases somewhat similar in principle, both Dr. Lushington and Sir R. Phillimore have held that the proceeding, in rem, would be suspended, or the party put to his election as to which court he would have recourse to, and such appears to me to be my duty here. The claimants, may, therefore, take an order directing that further proceedings in this cause be suspended, unless the libellants elect to proceed here, and to consent to a stay of proceedings in the two other suits.

[See note to Case No. 6,998.]